IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

BETTY A. STANLEY,

    Plaintiff,

v.                                        Civil Action No. 2:22-cv-00302

WAL-MART STORES EAST, LP,

    Defendant.

## NOTICE OF REMOVAL

TO:
Cathy S. Gatson, Clerk
Circuit Court of Kanawha County
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301

Ronald N. Walters, Jr., Esq.
Walters Law Firm, PLLC
16 Capitol Street
Charleston, WV 25301
*Counsel for Plaintiff*

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, you are hereby notified that Defendant, Wal-Mart Stores East, LP, has removed the above-captioned case from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division. In support of its Notice of Removal, Defendant states as follows:

### BACKGROUND

1. On or about March 14, 2022, Plaintiff Betty A. Stanley filed a Complaint in the Circuit Court of Kanawha County, West Virginia, 22-C-192.

2. Defendant Wal-Mart Stores East, LP, is a foreign entity and was served with the Complaint via the West Virginia Secretary of State's Office on or about June 22, 2022.

3. The Complaint alleges that Plaintiff Betty A. Stanley slipped and fell on standing water, resulting in Plaintiff "bleeding from her head," lower back pain, and pain and uneasiness

on her feet. Compl. ¶¶ 8, 11, 14, and 16. As a result of the alleged incident, Plaintiff Betty A. Stanley alleges that she required medical treatment and continues "to seek treatment for her lower back pain related to this slip and fall." Compl. ¶14. Plaintiff also asserts that she has also "sustained . . . injuries, losses, and damages" as a result of the incident, and she further is seeking damages, costs, and pre-judgment and post-judgment interest. Compl. ¶¶ 17 and Wherefore clause. Pre-suit Plaintiff asserted that she "repeatedly sought and received treatment for her injuries" and further that she underwent a surgical cervical fusion in April 2021, physical therapy treatment from June 14, 2021, through October 3, 2021, and received pain injections as a result of the fall.

## THE PARTIES

4. Plaintiff resides in Kanawha County, West Virginia. Compl. ¶1.

5. Wal-Mart Stores East, LP, is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Defendant Wal-Mart Stores East, LP is not at the time of the commencement of this action, nor has it ever been, a citizen of the State of West Virginia. Defendant Wal-Mart Stores East, LP conducts business in Kanawha County, West Virginia, and none of its members reside in West Virginia.

## BASIS OF REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and this civil action may be removed to this Court by this Defendant pursuant to the provisions of U.S.C. § 1441 because it is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7. Plaintiff and Defendant Wal-Mart Stores East, LP are citizens of different states.

8. Plaintiff has alleged she "repeatedly sought and received treatment for her injuries" and further that she underwent a surgical cervical fusion in April 2021, physical therapy treatment from June 14, 2021, through October 3, 2021, and received pain injections as a result of the fall. Based on Plaintiff's claimed medical treatment, Plaintiff's claimed medical expenses and damages are anticipated to exceed $75,000.00; therefore, this case may be removed because Plaintiff is clearly seeking damages in excess of the jurisdictional minimum of $75,000.00.

9. Under West Virginia law, Plaintiff's recovery is theoretically unlimited and only a binding stipulation that she would neither seek nor accept more than $75,000.00 could limit recovery. See *Hicks v. Herbert*, 122 F.Supp2d 699 (S.D.W.Va. 2000). Plaintiff's Complaint contains no such stipulation and also sets forth claims that the Plaintiff's injuries are continuing and ongoing.

10. Moreover, on July 6, 2022, counsel for the undersigned corresponded with Plaintiff's counsel in an attempt to secure a stipulation that the case had no value in excess of $75,000. Plaintiff's counsel did not respond to the undersigned so stipulating. **See Exhibit A.**

11. Therefore, without conceding that Plaintiff is entitled to any damages, which is expressly denied by Defendant as it relates to its conduct, it is facially apparent by the allegations set forth in the Complaint and documentation received pre-suit that the amount in controversy exceeds $75,000.00. If the Court for any reason is inclined to disagree, this Defendant respectfully requests the opportunity to conduct jurisdictional discovery to confirm the amount in controversy.

12. As required by 28 U.S.C. §1446(b), this Notice of Removal is filed with this Court within thirty (30) days of receipt of the Complaint by Defendant and, as such, this Notice of Removal has been timely filed.

13. As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through her attorney of record, and upon the Clerk of the Circuit Court of Kanawha County, West Virginia.

14. Copies of all process, pleadings, and orders received by Defendant in the Circuit Court of Kanawha County, West Virginia, Civil Action Number 22-C-192 are attached hereto and incorporated herein as Exhibit B.

15. Pursuant to Local Rule of Civil Procedure 3.4(b), a copy of the Circuit Court of Kanawha County, West Virginia, 22-C-192 docket sheet is attached hereto as Exhibit C.

WHEREFORE, Wal-Mart Stores East, LP, a foreign entity, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by the law, and that the Circuit Court of Kanawha County, West Virginia, proceed no further in the proceedings. Defendant further demands that the trial of this matter in federal court be heard by a jury.

                                                    WAL-MART STORES EAST, LP,
                                                  By Counsel

/s/ Heather M. Noel
Heather M. Noel (W.Va. Bar No. 7814)
Sara E. Brown (W. Va. Bar No. 11999)
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile (304) 599-8141
hnoel@mlclaw.com
sbrown@mlclaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

BETTY A. STANLEY,

    Plaintiff,

v.                                  Civil Action No. 2:22-cv-00302

WAL-MART STORES EAST, LP,

    Defendant.

## CERTIFICATE OF SERVICE

I, Heather M. Noel, counsel for Defendant Wal-Mart Stores East, LP, do hereby certify that on July 22, 2022, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Ronald N. Walters, Jr., Esq.
> Walters Law Firm, PLLC
> 16 Capitol Street
> Charleston, WV 25301
> *Counsel for Plaintiff*

/s/ Heather M. Noel
Heather M. Noel (W.Va. Bar No. 7814)
Sara E. Brown (W. Va. Bar No. 11999)
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile (304) 599-8141
hnoel@mlclaw.com
sbrown@mlclaw.com